■ In the Matter of STANLEY J. GULKIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [743 NYS2d 893] —Per Curiam. Respondent was admitted to practice by this Court in 1985. He maintained an office for the practice of law in New Jersey, where he was admitted to the bar in 1969.

By order dated March 20, 2002, the Supreme Court of New Jersey disbarred respondent upon his written consent in which he acknowledged that he had pleaded guilty in New Jersey Superior Court to one count of second degree theft by deception (*see*, NJ Stat Ann § 2C:20-4, 2C:2-6) and one count of second degree conspiracy to commit theft by deception (*see*, NJ Stat Ann § 2C:5-2). In New Jersey, crimes of the second degree are punishable by terms of imprisonment of from 5 to 10 years (*see*, NJ Stat Ann § 2C:43-6 [2]). Pursuant to Judiciary Law § 90 (4) (a) and (e), an attorney convicted of a criminal offense in another state which is classified as a felony in that state and which, if committed in New York, would constitute a felony in New York, shall cease to be an attorney and counselor-at-law. Respondent's criminal offenses would have constituted felonies in New York (*see*, Penal Law §§ 105.10, 155.42) and his plea of guilty was equivalent to a conviction for attorney discipline purposes (*see, e.g., Matter of Etkin*, 271 AD2d 749).

We therefore grant petitioner's unopposed motion to strike respondent's name from the roll of attorneys, effective immediately.

Mercure, J.P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see*, 22 NYCRR 806.9).